Filed 3/9/16  P. v. Aders CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C080002 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042322) |
| v. | |
| JORDAN TYMOTHY ADERS, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In January 2012, defendant Jordan Tymothy Aders was convicted of two counts of unlawful sexual intercourse with a minor (Pen. Code, § 261.5, subd. (c)),[1] one count as a felony and the other count as a misdemeanor, and was required to register as a sex offender.  On January 13, 2015, while on postrelease community supervision and participating in probation's Global Positioning System (GPS) program, defendant was detected by GPS to be located at a house on Brill Road in Paradise.  Defendant was not registered at the Brill Road house and had not reported the address to probation.  The last

---

[1] Undesignated statutory references are to the Penal Code.

1

time he registered was on April 17, 2014, and he reported an address on Elliott Road in Paradise. In August 2014, he had once been arrested at the Elliott Road address. After August 2014, defendant had reported to probation that he was a transient and had been repeatedly contacted at a house on Wood Drive in Magalia. He had not registered since April 2014 and his birthday had been in September 2014.

Charged with failing to annually register (§ 290.012, subd. (a); count 1) and failing to file a change of address, a misdemeanor (§ 290.013, subd. (a); count 2), defendant entered a no contest plea to both counts in exchange for no state prison at the outset.[2] The court suspended imposition of sentence and granted probation for a term of three years.

On July 6, 2015, probation officers saw defendant leaving a residence where two children resided and were present. Defendant had not enrolled in sex offender specific therapy. Defendant admitted violating probation by being present at a home where children were present and by failing to show proof of enrollment in therapy.

The court denied continued probation and sentenced defendant to state prison for the upper term of three years for count 1 and a concurrent jail term of one year for count 2.[3] The court awarded 228 days of presentence custody credit and imposed various fees and fines.

---

[2] Count 1 charged defendant with failing to annually register "based upon a felony conviction." Count 2 charged defendant with failing to file a change of address "based upon a misdemeanor conviction . . . ."

[3] Count 1 was an offense punishable as a felony pursuant to section 290.018, subdivision (b) due to defendant's prior felony conviction and count 2 was an offense punishable as a misdemeanor pursuant to section 290.013, subdivision (a) due to his prior misdemeanor conviction.

Defendant appeals.  His request for a certificate of probable cause (§ 1237.5) was denied. [4]

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

HULL , J.

We concur:

NICHOLSON , Acting P. J.

BUTZ , J.

---

[4] Defendant waived his right to appeal except for sentencing error.